IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY B. SANCHEZ,<br><br>Defendant. | CR. NO. 13-00513  JMS-2<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND REDUCTION OF SENTENCE, ECF NO. 154 |

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND REDUCTION OF SENTENCE, ECF NO. 154

## I. INTRODUCTION

Before the court is pro se Defendant Anthony Buzio Sanchez's ("Defendant") "Emergency Motion for Compassionate Release and Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)." ECF No. 154. In this third successive motion ("Third Compassionate Release Motion"),[1] Defendant claims that his underlying health conditions, harsh confinement at Federal Correctional Institute ("FCI") Hazelton due to the COVID-19 pandemic, and his mental health constitute extraordinary and compelling reasons justifying early release or a reduction in sentence. The court determines that Defendant has failed to show

---

[1] This court has jurisdiction to consider Defendant's successive motions for compassionate release under 18 U.S.C. § 3582(c). *See United States v. Trujillo*, 713 F.3d 1003, 1007 (9th Cir. 2013).

extraordinary and compelling reasons warranting the requested relief.  Even if

Defendant had sustained this burden, the court's analysis of the 18 U.S.C.

§ 3553(a) factors favors continued incarceration.  Accordingly, for the reasons that

follow, Defendant's Motion, ECF No. 154, is DENIED.

## II.  **BACKGROUND**

Defendant is 49-years old and incarcerated at FCI Hazelton with a

projected release date of December 4, 2026.[2]  *See* Find an Inmate, https://

www.bop.gov/inmateloc/ (last visited October 6, 2022).  The court is familiar with

Defendant's background, which is set forth in its August 4, 2021 "Order Denying

Defendant's Motion for Sentence Reduction Under First Step Act (Compassionate

Release)" ("*Sanchez II*").  ECF No. 145.  This Order thus provides only the facts

and background necessary to address Defendant's Third Compassionate Release

Motion.

Defendant asserts that the following conditions constitute

extraordinary and compelling circumstances warranting compassionate release or a

reduced sentence: (1) COVID-19 has unexpectedly caused a "harsher and more

punitive" environment at FCI Hazelton, which has imposed "onerous 'restrictions/

---

[2] Previously, Defendant's projected release date was March 17, 2027.  ECF No. 145 at
PageID.876.

lockdowns,'" and the fact that under 49% of the staff at FCI Hazelton have been vaccinated, putting Defendant at high risk of infection, ECF No. 154 at PageID.931, 946; (2) Defendant lost close family members to COVID-19, and Defendant is the only caretaker and possible kidney donor for his brother who needs a replacement, *id*. at PageID.931–32; (3) hyperlipidemia (high cholesterol) places Defendant "at high risk and a tragic outcome should he become infected with COVID-19," *id*. at PageID.941; and (4) the "direct effect" COVID-19 has had on Defendant's mental health "creates specific risks that are more likely to lead to hospitalization, or even death," *id*. at PageID.942.[3]  The court decides this Motion without a hearing pursuant to Local Rule 7.1(c).  For the reasons stated below, the court denies Defendant's Third Compassionate Release Motion.

### III.  DISCUSSION

#### A.    Legal Standard

"Ordinarily, 'a federal court may not modify a term of imprisonment once it has been imposed.'"  *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (quoting *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021), and 18 U.S.C. § 3582(c)).  Congress created a limited exception for modifying the sentence of a federal inmate who files a motion for "compassionate release"

---

[3] The government does not dispute that Defendant has exhausted administrative remedies pertaining to these grounds under 18 U.S.C. § 3582(c)(1)(A).  *See* ECF No. 157 at PageID.958.

satisfying the substantive and procedural requirements of 18 U.S.C.

§ 3582(c)(1)(A). *See Wright*, 46 F.4th at 944.  Section 3582(c)(1)(A), as amended

by the First Step Act of 2018 ("FSA"), provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of
> Prisons, or upon motion of the defendant after the
> defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse of 30 days
> from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the
> term of imprisonment . . . after considering the factors set
> forth in [18 U.S.C.] section 3553(a) to the extent that
> they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant
> such a reduction;
>
>         . . . .
>
> and that such a reduction is consistent with applicable
> policy statements issued by the Sentencing
> Commission[.]

"As compassionate release derogates from the principle of finality, it

is a 'narrow' remedy . . . and the court's disposition of a compassionate release

motion 'is discretionary, not mandatory[.]'" *Wright*, 46 F.4th at 944–45.  And

although the court must consider "extraordinary and compelling" reasons, the

applicable policy statements by the Sentencing Commission, and § 3553(a) factors,

it may deny compassionate release on any of these bases:

> First, the district court must determine whether "extraordinary
> and compelling reasons warrant" a sentence reduction.  Second,
> the court must evaluate whether a reduction would be

4

> "consistent with *applicable* policy statements issued by the
> Sentencing Commission."  Third, the court must consider and
> weigh the factors set forth in 18 U.S.C. § 3553(a) to decide
> whether the requested sentence reduction is warranted "under
> the particular circumstances of the case."  Although a district
> court must conclude that a defendant satisfies all three
> predicates before granting a motion for compassionate release,
> it may deny compassionate release if a defendant fails to satisfy
> any of these grounds.

*Id*. at 945 (internal citations and footnote omitted).

Although § 3582(c)(1)(A) requires a sentence reduction to be

"consistent with applicable policy statements issued by the [United States]

Sentencing Commission," that requirement does not apply to this case, as there is

currently no policy statement from the Sentencing Commission that is "applicable"

to compassionate release motions filed by a defendant rather than by the Federal

Bureau of Prisons ("BOP") Director.  *See Wright*, 46 F.4th at 946.  Specifically,

the Sentencing Commission's policy statement, United States Sentencing

Guideline ("Guideline") § 1B1.13, was promulgated before the FSA provided

criminal defendants the ability to file motions for compassionate release on their

own behalf.  *See United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per

curiam).  The Sentencing Commission has not amended the Guidelines post-FSA.

*Id.* at 800 n.1.  This court is thus empowered to consider any extraordinary and

compelling reason that warrants a sentence reduction.  *See id.* at 801–02.  In

making this determination, "[t]he Sentencing Commission's statements in

[§ 1B1.13] may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.* at 802.

The Ninth Circuit in *Keller*, after *Aruda*, further clarified the scope of the district court's discretion, holding that a district court may deny a compassionate release motion solely based on defendant's failure to show an "extraordinary and compelling" reason for release. "[A] district court that properly *denies* compassionate release need not evaluate each step" in the "sequential step-by-step analysis" required by 18 U.S.C. § 3582(c)(1)(A). *Keller*, 2 F.4th at 1284. "Such a reading is compelled by the structure of the compassionate release statute, which treats its requirements as conjunctive." *Wright*, 46 F.4th at 947(citing *Keller*, 2 F.4th at 1284). "This structure necessarily dictates that a court may deny compassionate release at *any* stage of the § 3582(c)(1)(A) pipeline." *Id*. (emphasis added).

## B.    Extraordinary and Compelling Reasons Do Not Warrant Release

Defendant bears the burden of establishing extraordinary and compelling reasons warranting compassionate release. *See Wright*, 46 F.4th at 951; *United States v. Bogema*, 2020 WL 6150467, at *3 (D. Haw. Oct. 20, 2020). He has failed to do so. Except for Defendant's claims that he suffers from emotional stress, including that his gender and race impact his chances of becoming severely ill if he were to be reinfected, the court addressed all of the

other asserted grounds for compassionate release in *Sanchez II*.  *See* ECF No. 145 at PageID.879–88.

During the COVID-19 pandemic, federal inmates have filed compassionate release motions grounded on a perceived risk of contracting severe illness while incarcerated.  Although the court does not dismiss these legitimate concerns, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).[4]

The CDC reports that vaccinated individuals, even those who experience infections more than once, are much less likely to experience severe symptoms than people who are unvaccinated:

> COVID-19 vaccines help protect against severe illness, hospitalization and death.  COVID-19 vaccines also help protect against infection.  People who are vaccinated may still get COVID-19.  When people who have been vaccinated get COVID-19, they are much less likely to experience severe symptoms than people who are unvaccinated. . . . When people who are vaccinated get COVID-19 get a breakthrough infection, they are much less likely to experience severe symptoms than people who are unvaccinated.

---

[4] Further, at this time, BOP reports that FCI Hazelton has three staff member and zero inmates with "confirmed active cases" of COVID-19.  *See* COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited October 6, 2022).

*See* COVID-19 after Vaccination: Possible Breakthrough Infection (updated June 23, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last visited October 6, 2022). Accordingly, if a defendant is fully vaccinated against COVID-19,[5] the defendant's risk of symptomatic infection is greatly diminished, making it much more difficult for the defendant to demonstrate an "extraordinary and compelling" reason to justify release. *See, e.g.*, *United States v. Hayes*, 2021 WL 2533517, at *3 (D. Idaho June 21, 2021) ("Many courts have found that a vaccinated prisoner's risk of contracting COVID-19 does not rise to the level of an extraordinary and compelling reason, even in the presence of underlying health conditions."); *United States v. Del Rosario Martinez*, 524 F. Supp. 3d 1062, 1066–67 (S.D. Cal. 2021) ("Defendant's 'vaccination significantly mitigates the risk that [he] will contract COVID-19' . . . .") (quoting *United States v. Grummer*, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021))).

Here, Defendant contracted COVID-19 on December 25, 2020, and fully recovered. *See* ECF No. 134 at PageID.548. He has since received three

---

[5] The CDC defines "fully vaccinated people" as those "who have received the second dose in a two-dose COVID-19 vaccine primary series." *See* Data Definitions for COVID-19 Vaccinations in the United States, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/reporting-vaccinations.html (last visited October 6, 2022). Defendant, having received three doses of the vaccine, meets this definition.

doses of the vaccine.[6]  Given his vaccination status, Defendant's claims about

mental health issues and emotional stress caused by COVID-19 do not rise to the

level of an extraordinary and compelling reason to release Defendant or reduce his

sentence.

The CDC—and this court—acknowledges that COVID-19 has caused

an inordinate amount of stress on everyone.  According to the CDC, stress from the

pandemic can cause "changes in appetite" and "worsening of chronic health

problems and mental health conditions."  *See* Coping with Stress, https://

www.cdc.gov/mentalhealth/stress-coping/cope-with-stress/index.html (last visited

October 6, 2022).  The CDC advises, as a way to counter these effects, to "[g]et

vaccinated and stay up to date on your COVID-19 vaccines."  *Id*.  Addressing

more serious mental health conditions, the CDC advises that mood disorders,

depression, and schizophrenia spectrum disorders can increase the chances of

becoming "severely ill" from COVID-19.  *See* People with Certain Medical

Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/

people-with-medical-conditions.html (last visited October 6, 2022); *see also*

Digital Shareables on Coping with COVID-19, https://www.nimh.nih.gov/get-

---

[6] Defendant received his first dose of the Moderna vaccine on May 6, 2021, and the second dose on June 3, 2021.  *See* ECF No. 145 at PageID.885 n.10; *see also* ECF No. 142-5 at PageID.766.  Defendant received his third dose of the Moderna vaccine on February 11, 2022. *See* ECF No. 157-3 at PageID.988.

involved/digital-shareables/shareable-resources-on-coping-with-covid-19 (last visited October 6, 2022).

Defendant cites studies and statistics regarding the effects of restrictive confinement such as the onset of psychiatric syndromes, and opioid deaths and suicides after release.  ECF No. 154 at PageID.942–43.  Defendant, however, provides no evidence that he has been diagnosed with or is suffering from anxiety, depression, suicidal ideation, or any other serious mental health condition.  *See United States v. Anderson*, 2020 WL 2838797, at *2 (N.D. Cal. June 1, 2020) (denying a defendant's motion for compassionate release, which was based on his diagnosis of depressive disorder, for failure to provide sufficient evidence that his condition constituted an "extraordinary and compelling reason" to reduce his sentence).  Furthermore, as stated, Defendant is fully vaccinated. And although the court does not question that Defendant is experiencing stress from COVID-19, this alone does not rise to the level of an extraordinary and compelling reason for compassionate release or for a reduction in sentence.  *See United States v. Mathis*, 2021 WL 1099594, at *2 (S.D. Ohio Mar. 23, 2021) ("[M]edically managed serious health conditions, paired with a generalized fear of COVID-19, [fall] short of 'extraordinary and compelling reasons' justifying release.") (quoting *United States v. Huffaker*, 2020 WL 5995499, at *3 (E.D. Tenn. Oct. 9, 2020)).

As for Defendant's claims that his gender and race make him especially vulnerable to COVID-19 health complications, ECF No. 154 at PageID.944, the government cites a 2021 study that discredits Defendant's assertion.  In this study, the CDC assessed the effectiveness of mRNA vaccines— including Moderna's COVID-19 vaccine—against COVID-19-associated hospitalization among 1,175 United States veterans aged 18 and above at five Veterans Affairs ("V.A.") Medical Centers during February 1 through August 6, 2021.  *See* Effectiveness of COVID-19 mRNA Vaccines Against COVID-19-Associated Hospitalization, https://www.cdc.gov/mmwr/volumes/70/wr/ mm7037e3.htm?s_cid=mm7037e3_x (last visited October 6, 2022).  The authors noted that patients at V.A. hospitals tend to be "older, more racially diverse, and have higher prevalences of underlying medical conditions than persons in the general U.S. population."  *Id*.  The results of the study led to the conclusion that "COVID-19 mRNA vaccines are highly effective in preventing COVID-19– associated hospitalization in this older, racially diverse population of predominately male U.S. veterans."  *Id*.  Again, given Defendant's vaccinated status and the lack of any evidence for the court to "evaluate the interplay between [his] mental conditions, the prison conditions at FCI [Hazelton], and the virus," the court does not find any extraordinary and compelling reason to reduce Defendant's

sentence.  *See United States v. Carter*, 469 F.Supp.3d 583, 590 (S.D.W. Va. June 25, 2020).

## C.    Section 3553(a) Factors

In *Sanchez II*, the court examined the applicable 18 U.S.C. § 3553(a) factors[7] and found that reducing Defendant's sentence would severely undermine the goals of sentencing set forth in § 3553(a)(2).  ECF No. 145 at PageID.888–890.  Defendant has presented no new information that would compel the court to reevaluate that determination.  The court affirms its statement in *Sanchez II* that "[c]onsidering all of the § 3553(a) factors, including the offense conduct, Defendant's criminal history, Defendant's programming in custody, and the time remaining on Defendant's sentence, reducing Defendant's sentence would severely undermine the goals of sentencing set forth in § 3553(a)(2)."  *Id.* at PageID.890.  The court thus concludes that the sentencing factors do not weigh in favor of

---

[7] The 18 U.S.C. § 3553(a) factors include, among others:

(1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable sentence guidelines; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants.

*Wright*, 46 F.4th at 945 n.4  (citing 18 U.S.C. § 3553(a); *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)).

Defendant's release or reduction in sentence, and denies his motion on this ground alone.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Third Compassionate Release Motion, ECF No. 154, is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 6, 2022.



   /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Sanchez*, Cr. No. 13-00513 JMS-2, Order Denying Defendant's Motion for Compassionate Release and Reduction of Sentence, ECF No. 154